# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | CIVIL ACTION NO. 5:08CV98 |
| Plaintiff, ) ) | |
| v. ) ) ) | **COMPLAINT** |
| HICKORY PARK FURNITURE GALLERIES, INC., ) ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Allen Humphries, who was adversely affected by the practices. The Commission alleges that Defendant, Hickory Park Furniture Galleries, Inc. ("Defendant"), terminated Allen Humphries, then age 58, because of his age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina. This lawsuit is being filed in the Statesville Division because a substantial part of the events or omissions giving rise to the claim alleged in this suit occurred within the Statesville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Hickory, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. On or around April 28, 2006, Defendant engaged in an unlawful employment practice at its facility in Hickory, North Carolina, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). Specifically, Defendant terminated the employment of Allen Humphries because of his age, then 58. At the time of his termination, Allen Humphries was performing his job duties at a level that met his employer's legitimate expectations. Mr. Humphries position was filled by an

individual who was outside the protected age group and was substantially younger than Mr. Humphries.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Allen Humphries of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age.

9. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from making employment decisions based on age, and from any other employment practices which discriminate on the basis of age against individuals 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Allen Humphries, whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant to make whole Allen Humphries, who was adversely affected by the unlawful employment practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful place hiring, reinstatement and/or front pay.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 27th day of August, 2008.

        Respectfully submitted,

        RONALD S. COOPER
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C. 20507

        s/ Lynette A. Barnes
        LYNETTE A. BARNES (NC Bar No. 19732)
        Regional Attorney

        TINA BURNSIDE
        Supervisory Trial Attorney

        s/ Randall D. Huggins
        Trial Attorney (OK Bar No. 17875)
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, North Carolina 28202
        Telephone: 704.344.6889
        Facsimile: 704.344.6780

        ATTORNEYS FOR PLAINTIFF