IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:08-CV-98-RLV-CH

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **CONSENT DECREE** |
| | ) |
| HICKORY PARK FURNITURE GALLERIES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C § 626(b) (the "ADEA"), which incorporates by reference §§ 16(C) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(C) and 217. The Commission's complaint alleged that Defendant, Hickory Park Furniture Galleries, Inc. ("Defendant"), terminated Allen Humphries, then age 58, because of his age. Nothing in this Consent Decree should be construed as a finding or admission of liability or wrongdoing on the part of the Defendant in connection with this claim, nor shall it be construed as a finding or admission of a lack of merit or viability for the claims of the Plaintiff. The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole,

1

that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADEA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs one through fourteen below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of age within the meaning of the ADEA.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADEA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay the sum of twenty-thousand dollars and no cents ($20,000.00) cash, together with issuing a store credit in the total amount of seventeen-thousand five-hundred dollars and no cents ($17,500.00), all in settlement of the claims raised in this action. Defendant shall make the foregoing cash payment by issuing checks payable to Allen Humphries ("Humphries"). A first payment in the amount of ten-thousand dollars ($10,000) shall be made within fifteen (15) days after the Court approves this Consent Decree, and an additional payment in the amount of five-thousand dollars ($5,000) shall be made within four (4) months of the date on which the court approves the Consent Decree. A final payment in the amount of five-thousand dollars ($5,000) shall be made within eight (8) months of the date the Court approves this Consent Decree. Defendant shall mail the checks to Humphries at an address provided by the Commission. Within ten (10) days after each check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W.

Trade Street, Suite 400, Charlotte, NC, 28202, a copy of the check and proof of its delivery to Humphries. The foregoing store credit shall be valid for the purchase of inventory selected from any of Defendant's showroom floors located in the Hickory Furniture Mart. The store credit will be valid for a period of six months from the date the Court approves this Consent Decree, and all purchases are based on the manufacturer's suggested retail price. All purchases are final, except that any transferrable manufacturer's warranties available on furnishings selected by Humphries will be transferred to him. Humphries will be responsible for any applicable delivery charges.

4. Within ninety (90) days of the entry of this Decree by the Court, Defendant shall adopt, implement and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including the ADEA and its prohibition against age discrimination; procedures for reporting discrimination; and procedures for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90-day time period. Within one-hundred (100) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

5. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 4, above, in all of their facilities in North Carolina in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within five (5) days of the adoption of the policy, Defendant will post the policy and notify the EEOC that it has been posted.

6. During the term of this Decree, Defendant shall provide an annual training program to all of

its managers with authority to hire or terminate employees in North Carolina. Each training program shall include an explanation of the requirements of the ADEA and Title VII of the Civil Rights Act of 1964, and their prohibition against discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 4 above, and an explanation of the rights and responsibilities of employees and managers under the policy. The first training program shall be completed within one hundred (100) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

7. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees at its North Carolina facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

8. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A. the identities of all individuals who were terminated at any time during the reporting

period, including by way of identification each individual's full name, age, social security number, date of termination, and location of where the individual worked, last known address, and last known telephone number; and

B. for each such individual provide, a detailed statement explaining why the individual's employment status has changed. In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

9. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's North Carolina facilities, interview employees and examine and copy documents. The commission shall provide Defendant two (2) business days notice in advance of any compliance review that involves interviewing employees and/or examining and copying documents. Such notice will be provided via e-mail to david@hickorypark.com with a copy to mthomas@phd-law.com. No advance notice shall be provided by the Commission for a compliance review that involves only an inspection for compliance with the posting provisions of this Consent Decree.

10. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

11. The term of this Decree shall be for two (2) years from its entry by the Court.

12. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent to: (1) if by mail—Lynette A. Barnes, Regional Attorney, Equal

Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, NC, 28202;

or (2) if by email—EEOC-CTDO-decree-monitoring@eeoc.gov.

13. Each party shall bear its own costs and attorney fees.

14. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: September 30, 2011

Richard L. Voorhees
United States District Judge

# EXHIBIT A



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NOTICE TO HICKORY PARK FURNITURE
GALLERIES, INC. EMPLOYEES**

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Hickory Park Furniture Galleries, Inc. in a case of discrimination based on age. Hickory Park Furniture Galleries, Inc. denies the allegations and denies any liability in the case. As part of the settlement, Hickory Park Furniture Galleries, Inc. agreed to certain terms, including the posting of this notice.
2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. The ADEA specifically prohibits age discrimination.
3. Hickory Park Furniture Galleries, Inc. will comply with such federal laws in all respects. Furthermore, Hickory Park Furniture Galleries, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
website: www.eeoc.gov

This Notice will remain posted for at least two (2) years after entry of the Consent Decree with the U.S. Equal Employment Opportunity Commission.
DO NOT REMOVE THIS NOTICE UNTIL:_____, 2013.